UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAROLD CHRISTOPHER WALSH,

    Plaintiff,

v.                                                 CASE NO.: 8:10-cv-435-T-23TBM

STRAYER UNIVERSITY, INC.,

    Defendant.
_____/

## **ORDER**

       The plaintiff sues under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover overtime compensation. The parties submit a stipulation for dismissal (Doc. 17), which states that both the plaintiff and the opt-in plaintiffs agree to voluntarily dismiss this action "pursuant to confidential settlement agreements." "Although a private settlement and stipulation for dismissal ends the typical case without judicial intervention, the Eleventh Circuit requires the district court to review the settlement of an FLSA claim." Dees v. Hydradry, Inc., __ F. Supp. 2d __, 2010 WL 1539813, *1 (M.D. Fla. Apr. 16, 2010) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir.1982)). Furthermore, "a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the "private-public" rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." Dees, 2010 WL 1539813 at *9.

Because Lynn's Food requires review of an FLSA settlement, the parties' stipulation for dismissal (Doc. 17) is **REJECTED**. On or before **May 18, 2010**, the parties shall move (in accord with Dees, 2010 WL 1539813 at *7-*11) for approval of the proposed settlement. The parties must attach to the motion any written agreement or memorialization of the terms of the settlement. In the motion, the parties must (1) identify each party's estimate of the plaintiff's hourly wage and the number of unpaid hours worked (in other words, establish the range of the plaintiff's potential recovery) and (2) confirm that the attached agreement includes every term and condition of the parties' settlement (in other words, confirm the absence of any "side deal"). If the settlement involves a compromise (in other words, if the plaintiff either receives less than the full compensation claimed for unpaid wages, liquidated damages, and attorneys' fees or agrees to any term other than the release of his claim in exchange for full compensation, promptly paid), the parties must identify the bona fide dispute or disputes resolved by the compromise and state the reason for the compromise. In addition, the parties must either (1) demonstrate the reasonableness of the proposed attorney's fee using the lodestar approach[1] or (2) represent that the parties agreed to the plaintiff's attorney's fee separately and without regard to the amount paid to settle

---

[1] See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303-04 (11th Cir. 1988) ("'A request for attorney's fees should not result in a second major litigation.' The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. . . . [F]ee counsel bears the burden in the first instance of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.") (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

the plaintiff's FLSA claim.  See Bonetti v. Embarq Mgmt. Co., __ F. Supp. 2d __, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).

ORDERED in Tampa, Florida, on May 10, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE